UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

BENJAMIN ANTHONY FIELDS

CRIMINAL ACTION

20-76-SDD-SDJ

## RULING

This matter is before the Court on a *Motion to Dismiss for Selective and Vindictive Prosecution and Request for Evidentiary Hearing*[1] filed by Benjamin Anthony Fields ("Defendant"), to which the Government filed a *Response.*[2] For the reasons that follow, Defendant's *Motion* shall be DENIED.

## I.    BACKGROUND

The *First Superseding Indictment*[3] charges Defendant with a violation of 18 U.S.C. § 922(n). Section 922(n) provides:

> It shall be unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Defendant, who is African American, asserts that the Government's decision to prosecute amounts to vindictive and/or selective prosecution.[4] Defendant asserts that he

---

[1] Rec. Doc. No. 28.
[2] Rec. Doc. No. 38.
[3] Rec. Doc. No. 24.
[4] Rec. Doc. No. 28-1, pp. 1–5.

has been charged with several crimes and each time has posted bond and been released.[5] Defendant asserts that he is the first person ever charged with a violation of 18 U.S.C. § 922(n) in the Middle District of Louisiana, and no white person has ever been charged with a violation of § 922(n).[6] Defendant argues that the Government knows he "has had numerous run-ins with the law leading up to his most recent arrest."[7] According to Defendant, the Government has acted on that knowledge to "charge [Defendant] with a federal weapons violation because of his race and in an effort to put him in prison—and keep him— in prison. . . ."[8]

In support of his allegation that racial animus motivated the decision to prosecute, Defendant notes that, at the detention hearing, the Government attempted to introduce a picture of Defendant's social media post that indicated he had bonded out of jail.[9] Defendant asserts that the Magistrate Judge excluded that evidence after Defendant objected "that they were a naked attempt to introduce racial considerations into this case—it goes unmentioned when a white, wealthy person quickly makes bond on a charge."[10]

Finally, Defendant alleges that the Government's case "is shoddy at best" and offers in support of that assertion the fact that the *First Superseding Indictment* changed the specific firearm that the Government alleges Defendant possessed.[11]

---

[5] *Id.* at p. 2.
[6] *Id.* at pp. 2–3. The geographic scope of the latter assertion is unclear.
[7] *Id.* at pp. 2–3.
[8] *Id.* at p. 3.
[9] *Id.*
[10] *Id.*
[11] *Id.*

## II.   LAW AND ANALYSIS

### A. Selective Prosecution

Under the equal protection component of the Due Process Clause of the Fifth Amendment, prosecutors may not make the decision "to prosecute based on an unjustifiable standard such as race, religion, or other arbitrary classification."[12] A prima facie case of unconstitutional selective prosecution requires the defendant to show: (1) "that he was singled out for prosecution while others similarly situated who committed the same crime were not prosecuted"; and (2) "that the government's discriminatory selection of [the defendant] for prosecution was invidious or done in bad faith—i.e., that the government selected its course of prosecution because of, rather than in spite of, its adverse effect upon an identifiable group."[13] Satisfaction of the first prong illustrates a discriminatory effect, while satisfaction of the second prong demonstrates discriminatory purpose.[14] To establish a discriminatory effect, the defendant can introduce evidence that similarly situated individuals were not prosecuted.[15] "If a defendant meets both of these requirements, then the burden shifts to the government to demonstrate a legitimate basis for selecting the defendant for prosecution."[16]

"Generally, the government has broad discretion in determining who to prosecute. Accordingly, the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation."[17] The defendant has "a very heavy burden in demonstrating invidious purpose which invades or overrides that prosecutorial

---

[12] *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (internal citations omitted).
[13] *Jackson v. City of Hearne, Texas*, 959 F.3d 194, 201 (5th Cir. 2020) (cleaned up).
[14] *Armstrong*, 517 U.S. at 465.
[15] *Id.* at 464–65.
[16] *United States v. Hoover*, 727 F.2d 387, 389 (5th Cir. 1984).
[17] *Jackson*, 959 F.3d at 201 (cleaned up).

discretion."[18]

In support of the first prong of the selective prosecution claim, Defendant argues he is the first person charged with a violation of 18 § U.S.C. 922(n) in the Middle District of Louisiana and that no white person has ever been charged with a violation of § 922(n).[19] The Government asserts that at least nine individuals have been charged with violating 18 U.S.C. § 922(n) in the Middle District.[20] The Court may take judicial notice of matters of public record, such as unsealed court documents, because the facts therein "are not subject to reasonable dispute because [they] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[21] As such, the Court can confirm that at least six individuals have been charged with violations of 18 U.S.C. 922(n) in the Middle District.[22]

Inaccuracies aside, Defendant has failed to allege that "others similarly situated who committed the same crime were not prosecuted."[23] Defendant has not alleged that anyone else has ever committed the crime, much less identified anyone "similarly situated" who has committed the crime and not been charged. This falls far short of the heavy burden imposed on Defendant to establish a claim for selective prosecution and is not sufficient to warrant the Court's intrusion into the Executive sphere.[24]

In support of the second prong of the selective prosecution claim, Defendant

---

[18] *United States v. Greene*, 697 F.2d 1229, 1235 (5th Cir. 1983).
[19] Rec. Doc. No. 28-1, pp. 2–3.
[20] Rec. Doc. No. 38, pp. 7–8.
[21] Fed. R. Evid. 201(b). See also, *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").
[22] Case No. 17-cr-10-SDD-RLB, Rec. Doc. No. 1; Case No. 17-cr-20-SDD-EWD-3, Rec. Doc. No. 1; Case No. 17-cr-54-BAJ-EWD, Rec. Doc. No. 8; Case. No. 17-cr-61-JWD-RLB, Rec. Doc. No. 2; Case No. 02-cr-47, Docket Header Information; Case No. 07-cr-140-JJB-CN, Rec. Doc. No. 15.
[23] *Jackson v. City of Hearne, Texas*, 959 F.3d 194, 201 (5th Cir. 2020) (cleaned up).
[24] *United States v. Armstrong*, 517 U.S. 456, 464 (1996).

argues that the Government acted on its knowledge of Defendant's "numerous run-ins with the law" to prosecute him "because of his race."[25] This argument is self-defeating. Defendant needs to establish that the Governments "discriminatory selection of [the Defendant] for prosecution was invidious or done in bad faith."[26] Instead, Defendant has provided a good faith justification for the Government's decision to prosecute (Defendant's criminal history) and attempted to tie that decision to Defendant's race, without any explanation of the connection. The bare allegation that the Government decided to prosecute Defendant "because of his race" does not carry Defendant's heavy burden of establishing discriminatory purpose. In sum, Defendant's *Motion* is denied as to his claims of selective prosecution.

### B. Vindictive Prosecution

"In general, there are two ways in which a defendant can prove a claim of vindictiveness. First, a defendant may prove actual vindictiveness by presenting objective evidence that the prosecutor's actions were designed to punish a defendant for asserting his legal rights."[27] "Second, in certain circumstances, a defendant may show sufficient facts to give rise to a presumption of vindictiveness."[28] "[C]ourts will apply [the presumption of vindictiveness] only where there exists a realistic likelihood of vindictiveness."[29] "The defendant has the burden of proving, by a preponderance of the evidence, prosecutorial vindictiveness."[30]

---

[25] Rec. Doc. No. 28-1, p. 3.
[26] *Jackson*, 959 F.3d at 201.
[27] *United States v. Saltzman*, 537 F.3d 353, 359 (5th Cir. 2008).
[28] *Id.*
[29] *Id.* at 359.
[30] *Id.*

Defendant has wholly failed to meet this standard. He has failed to identify a legal right he asserted. He has likewise failed to tie the assertion of a legal right to the Government's decision to prosecute. The only legal right even tangentially asserted in Defendant's *Motion* is the right to be released on bail if bail is offered and the bond paid. But Defendant does not allege that the Government's decision to prosecute was based on his bailing out of jail on other charges, much less provide any argument to support such a claim. Similarly, Defendant has failed to allege any facts creating a "realistic likelihood of vindictiveness" such that the Court can apply a presumption of vindictiveness. In sum, Defendant's *Motion* is denied as to his claims for vindictive prosecution.

### C. Request for Evidentiary Hearing

Defendant has failed to identify any conflicts in evidence that require an evidentiary hearing.[31] Moreover, Defendant has failed to state with particularity any facts that, if proven, would entitle him to dismissal. Because Defendant's *Motion* can be resolved on the briefs, an evidentiary hearing is unnecessary. Therefore, Defendant's request for an evidentiary hearing is denied.

---

[31] *United States v. Aldridge*, No. CRIM.A. H-10-185(1), 2011 WL 1811074, at *12 (S.D. Tex. May 10, 2011).

### III.    CONCLUSION

Defendant's *Motion to Dismiss for Selective and Vindictive Prosecution and Request for Evidentiary Hearing*[32] is DENIED without prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>February 2, 2021</u>.

*[signature]*

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[32] Rec. Doc. No. 28.